J-S03004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE MORRIS, | |
| Appellant | No. 4090 EDA 2017 |

Appeal from the PCRA Order Entered November 3, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013388-2010

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 10, 2019**

Appellant, Tyree Morris, appeals *pro se* from the post-conviction court's November 3, 2017 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We vacate the November 3, 2017 order and remand this case for the appointment of new PCRA counsel.

The PCRA court summarized the factual and procedural background of this case as follows:

> [Appellant] was convicted by a jury on March 12, 2012[,] of third degree murder, possessing an instrument of crime, criminal conspiracy and violating Section 6108 of the Uniform Firearms Act.  Subsequently, on May 11, 2012, [Appellant] was sentenced to an aggregate term of 45 to 90 years['] imprisonment. [Appellant] filed a post[-]sentence motion on May 17, 2012, which was denied on September 17, 2012.  On October 4, 2012, [Appellant] filed a notice of appeal.  Thereafter, on October 9, 2012, he was ordered to file a [Pa.R.A.P.] 1925(b) statement of matters complained of appeal.  Said statement was filed on

October 16, 2012. This court[] filed an opinion addressing claims raised in his Rule 1925(b) statement on March 19, 2013. On November 20, 2013, the Superior Court affirmed the judgment of sentence. [*Commonwealth v. Morris*, 91 A.3d 1291 (Pa. Super. 2013) (unpublished memorandum).] [Appellant's] allowance of appeal was denied by the Pennsylvania Supreme Court on April 29, 2014. [*Commonwealth v. Morris*, 89 A.3d 1284 (Pa. 2014).]

[Appellant] filed a *pro se* [PCRA] petition on January 30, 2015. Lee Mandell, Esquire, was appointed and entered his appearance on July 21, 2015. PCRA counsel filed a "no[-]merit" letter pursuant to [*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. [Super.] 1988)[(en banc),] and a motion to withdraw on August 21, 2017. This court issued a [Pa.R.Crim.P.] 907 notice of [its] intent to dismiss on August 25, 2017,[1] and dismissed the petition on November 3, 2017.[2] On November 30, 2017, [Appellant] filed a notice of appeal. Thereafter, this court ordered [Appellant] to file a Rule 1925(b) statement of matters complained of on appeal on December 19, 2017. [Appellant] filed a *pro se* statement on January 5, 2018.

## STATEMENT OF FACTS

---

[1] After the PCRA court issued its Rule 907 notice on August 25, 2017, Appellant filed a timely, *pro se* response. Therein, Appellant stated, *inter alia*, that Attorney Mandell overlooked facts and evidence presented at trial in his no-merit letter. *See* Appellant's Response, 9/11/2017, at 8. He also reiterated claims raised in his *pro se* petition that the prosecution must present some evidence of the barrel length of a firearm to sustain his conviction under the Uniform Firearms Act, and that the jury should have received an instruction on intoxicated voluntary manslaughter. *See id.* at 4, 7-8; *see also* PCRA Petition, 1/30/2015. In addition, on that same day, Appellant filed a motion seeking to amend his PCRA petition so it would include, among other things, a claim that Attorney Mandell was ineffective "for failing to investigate, raise and address all of the issues presented in [his] *pro se* petition and failing to independently review the record for additional claims." *See* Appellant's Motion for Request for Leave to Amend PCRA Petition, 9/11/2017, at ¶ 4.

[2] In that order, the PCRA court also granted Attorney Mandell's motion to withdraw.

The following facts are reproduced from this court's March 19, 2013 opinion:

On September 19, 201[0], at approximately 9:00 a.m., [Appellant's] brother, William Morris, was brought to the homicide division of the police department after alerting officers that he had information related to a homicide. Mr. Morris told detectives that he had information about the murder of Arthur "Artie" Smith[,] which took place on February 22, 2010. Mr. Morris then gave a statement to Detective Thomas Gaul wherein he stated that, although he did[ not] witness the shooting, his brother, [Appellant,] admitted to him that []he was the person responsible for the murder of Mr. Smith. William Morris['s] statement was then reduced to writing and he signed it. Based on that statement and further investigation, detectives questioned [Appellant] on October 2, 2010. While speaking to Detective Gaul, [Appellant] admitted to shooting and killing Mr. Smith. Specifically, [Appellant] stated "[i]t has been bothering me since it happened. It all happened within less than seconds but I shot Artie."

[Appellant] went on to explain that on February 22, 2010, he was out drinking with friends Jonathan "Blaze" Brown and Calvin "Murda" Brown. Throughout the evening, the men talked about issues going on in the neighborhood, including a dispute between Blaze and the decedent over a young woman with whom they were both involved. Blaze had threatened to shoot Mr. Smith two (2) weeks before, and was angry with Mr. Smith over his continued involvement with the young woman. After leaving the bar where they had been drinking, [Appellant] and his two companions headed down the 5800 block of Hadfield Street toward a friend's house. When they arrived at 5860 Hadfield Street, where a mutual friend named "Fish" lived, [Appellant] and his friend observed Mr. Smith exiting his double-parked vehicle. As Mr. Smith walked toward [Appellant] and his friends, Blaze yelled that Mr. Smith was "reaching" and passed [Appellant] a gun, yelling at him to shoot. [Appellant] took the weapon and fired twice, striking Mr. Smith in the chest and face two (2) times. [Appellant] then passed the gun back to Blaze and fled, running to the nearby home of a friend (or cousin) by the name of Tony. [Appellant] went on to state[,] … "I am taking responsibility for shooting Artie. It's been eating at me since it happened.

- 3 -

> Blaze was getting me all fired up and handed me the gun. I regret, have remorse for what I did." [Appellant] then reviewed and signed his statement and was taken into custody.

PCRA Court Opinion (PCO), 4/6/2018, at 1-3 (internal citations omitted). As mentioned by the PCRA court, Appellant filed a timely Rule 1925(b) statement.[3] Thereafter, the PCRA court issued a Rule 1925(a) opinion.

Presently, Appellant raises four issues for our review, which we have reordered for ease of disposition:

> I. Is [A]ppellant entitled to [relief for] ineffective assistance of PCRA counsel for failure to investigate, raise and address all issues presented in the … *pro se* petition and failing to independently review the record for additional claims?
>
> II. Is [A]ppellant entitled to [relief for] ineffective assistance of appellate counsel for failure to appeal the firearms conviction[], as the [C]ommonwealth failed to sustain its burden of proof beyond a reasonable doubt?
>
> III. Is [A]ppellant entitled to a new trial since [his] trial[]attorney, direct appeal attorney, and PCRA attorney [were] ineffective at trial and on appeal?
>
> IV. Is … [A]ppellant entitled to [relief for] ineffective assistance of counsel with regard to his convictions for third degree murder, criminal conspiracy, and carrying firearms on a public street in Philadelphia and possessing instruments of crime since … the [C]ommonwealth failed to sustain its burden of disproving [A]ppellant's claim of voluntary intoxication by proof beyond reasonable doubt?

---

[3] In Appellant's Rule 1925(b) statement, the PCRA court noted that he averred, *inter alia*, that "PCRA counsel was ineffective for failing to investigate, raise and address all of the issues presented in [Appellant's] *pro se* petition and failing to independently review the record for additional claims." **See** PCO at 3 (summarizing the issues raised by Appellant in his Rule 1925(b) statement).

Appellant's Brief at 10-11 (unnumbered).[4,5]

At the outset, we note that our standard of review regarding an order denying post-conviction relief is whether the findings of the court are "supported by the record and free of legal error." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted).

In his first issue, Appellant claims that PCRA counsel failed to "investigate, raise and address all issues presented in the … *pro se* petition and fail[ed] to independently review the record for additional claims[.]" Appellant's Brief at 10.[6] Specifically, he asserts that "PCRA counsel failed to review the … discovery and trial [c]ourt records to determine if [A]ppellant was intoxicated prior to the homicide[,]" and PCRA counsel did not consider that "nowhere in the entire record does the prosecution introduce any

---

[4] We remind Appellant that his argument section should be divided into as many parts as there are questions to be argued. ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Here, Appellant combines all of his above-stated questions into one section of his argument. While this is improper under the rules, it does not preclude our review.

[5] The Commonwealth's brief was due on or before December 21, 2018, but it has not filed a timely brief.

[6] Appellant preserved this claim in his response to the PCRA court's Rule 907 notice, his Rule 1925(b) statement, and appellate brief. ***See Commonwealth v. Pitts***, 981 A.2d 875, 880 n.4 (Pa. 2009) (determining that the appellant's "failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness … results in waiver of the issue of PCRA counsel's ineffectiveness").

evidence from which a jury could infer [the] barrel length of the firearm." ***Id.***

at 24, 25 (emphasis omitted).

> This Court has recently explained:
>
> A convicted defendant has a right under the Rules of Criminal Procedure to the assistance of counsel on a first PCRA petition. The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first.
>
> If PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

***Commonwealth v. Kelsey***, -- A.3d --, 2019 WL 1303664, at *2-3 (Pa.

Super. filed Mar. 22, 2019) (internal citations and quotation marks omitted).

In ***Kelsey***, this Court vacated the PCRA court's order denying the

appellant's PCRA petition and remanded for the appointment of new counsel

where PCRA counsel's no-merit letter was "seriously deficient." ***Id.*** at *3. We

observed that the no-merit letter "discussed only a subset of the issues that

[the a]ppellant stated in his PCRA petition[,]" and "neither listed nor discussed

most of [the a]ppellant's claims that trial counsel was inadequate[.]" ***Id.***

Even though we recognized that the PCRA court conducted an independent review of the claims that it believed the appellant asserted in his petition and the trial court's review went beyond the PCRA counsel's no-merit letter, we ascertained that "[t]he error here, however, is the denial of the assistance of counsel, not the sufficiency of the PCRA court's opinion or whether [the a]ppellant's claims in his PCRA petition are meritorious. Even where a *pro se* first PCRA petition appears on its face to be meritless, the defendant is entitled to representation by counsel before that determination is made." ***Id.*** (citations omitted).

In the case *sub judice*, Appellant claimed in his *pro se* PCRA petition, among other things, that his appellate counsel was ineffective for failing to appeal his firearm conviction, noting that no gun was recovered and that the Commonwealth failed to produce any evidence from which a jury could infer the barrel length of a firearm,[7] and that his trial counsel ineffectively declined

---

[7] As stated above, the jury convicted Appellant of carrying firearms on public streets or public property in Philadelphia pursuant to 18 Pa.C.S. § 6108. Section 6108 states that "[n]o person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless: (1) such person is licensed to carry a firearm; or (2) such person is exempt from licensing…." 18 Pa.C.S. § 6108. Under the statute, firearm is defined as "[a]ny pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt or cylinder, whichever is applicable." 18 Pa.C.S. § 6102.

the trial court's offer to give an instruction on voluntary intoxication. *See generally* PCRA Petition, 1/30/2015.[8]   In Attorney Mandell's subsequent *Turner*/*Finley* no-merit letter, he failed to address Appellant's argument pertaining to his appellate counsel's failure to challenge whether the Commonwealth produced sufficient evidence regarding the barrel length of the firearm.   In his no-merit letter, Attorney Mandell also concluded that Appellant's argument about a voluntary manslaughter intoxication instruction failed because "[t]he record does not seem to indicate that [Appellant] was intoxicated and should have received that instruction[,]" even though the record clearly indicates that Appellant went out drinking with his friends on the night in question, and the incident occurred after they left the bar where they had been drinking.   *See Turner*/*Finley* No-Merit Letter, 8/21/2017, at 7; PCO at 2 (citing the statement of facts from the trial court's March 19, 2013 opinion).[9]   In addition to not considering all of the issues Appellant raised in his *pro se* petition and blatantly misstating the record at times, Attorney Mandell cites to no legal authority for the specific issues he does discuss.   *See Turner*/*Finley* No-Merit Letter at 5-7.

---

[8] We do not provide pincites because Appellant unconventionally and confusingly numbered the 16-pages of his petition.

[9] We are also troubled by Attorney Mandell's claim that "[t]here was no evidence at trial which would have proved [that the decedent had a quarrelsome and violent character] and counsel at this time is not in possession of any evidence that would have demonstrated [the] same." *Turner*/*Finley* No-Merit Letter at 6.  Yet, the PCRA court noted that there was evidence produced at trial that the decedent had a "reputation for carrying firearms or robbing people…."  PCO at 9.

Given that Appellant did not waive his right to counsel and Attorney Mandell did not represent Appellant on the merits of his petition or file an adequate, comprehensive no-merit letter, we must vacate the PCRA court's order denying Appellant's PCRA petition and remand for the appointment of new PCRA counsel. *See Kelsey*, *supra*, at *3 (citations omitted). Appellant's new PCRA counsel may then file an amended PCRA petition or — if counsel determines that Appellant's issues are meritless — counsel may file a no-merit letter in accordance with the requirements of *Turner*/*Finley* and their progeny, and move to withdraw. *See id.*[10]

Order vacated. Case remanded for the appointment of new PCRA counsel. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/19

---

[10] Because of our disposition, we need not address the other issues raised by Appellant.